UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**ARTHUR JASON YOUNG, #321897,**

      **Petitioner,**

v.                                              Case No. 2:06-CV-14754
                                                    Honorable Victoria A. Roberts
                                                    Magistrate Judge Donald A. Scheer

**JOHN PRESLESNIK,**

      **Respondent**.

---

**OPINION & ORDER HOLDING PETITION FOR WRIT OF HABEAS
CORPUS IN ABEYANCE AND ADMINISTRATIVELY CLOSING CASE**

**I. Introduction**

Petitioner, Arthur Jason Young, filed a *pro se* petition for a writ of habeas corpus on October 20, 2006, pursuant to 28 U.S.C. §2254, arguing that he was incarcerated in violation of his constitutional rights. In his *pro se* petition, Petitioner challenged his convictions for one count of second degree murder, one count of involuntary manslaughter and two counts of possession of a firearm during the commission of a felony. He was sentenced to 25 - 50 years for the murder, 71 -180 months for the manslaughter conviction, and 2 years for the felony firearm convictions. Petitioner raises three claims in his habeas petition: (1) denial of due process relative to the administration of the jury instructions; (2) ineffective assistance of appellate counsel; and (3) prosecutorial misconduct.

For the reasons set forth below, the Court shall hold this petition in abeyance pending the decision of the Michigan Supreme Court.

**II. Procedural History**

After Petitioner's conviction, he filed a timely claim of appeal in the Michigan Court of Appeals at which time he made the following challenges: (1) error in several of the trial court's evidentiary rulings; (2) trial error in not allowing Petitioner to present a "fleeing-felon" defense; (3) trial error in allowing testimony from a certain witness; and (4) trial error in its instruction to the jury. Petitioner's conviction was affirmed, with remand for the limited purpose of clarifying that Petitioner's felony firearm term of imprisonment was to run consecutively with his other sentences. *People v. Young,* Mich. Ct. App. No. 231707 (May 20, 2003). Petitioner subsequently filed a motion for rehearing which was denied on July 7, 2003. An application for leave to appeal to the Michigan Supreme Court was then filed; and an order denying relief was entered on April 30, 2004. *People v. Young,* 470 Mich. 852; 679 N.W.2d 701 (Table) Mich. Sup. Ct. No. 124330 (April 30, 2004).

On April 29, 2005, Petitioner filed a motion for relief from judgment at which time he raised two new arguments; (1) ineffective assistance of appellate counsel; and (2) prosecutorial misconduct, presumably in addition to the previous claims presented in the state appellate courts. Relief was denied; and Petitioner filed a motion for reconsideration, which was also denied on September 20, 2005. Petitioner subsequently filed an appeal to the Michigan Court of Appeals and then to the Michigan Supreme Court. Petitioner admits that at the time he filed his habeas petition, the matter before the Michigan Supreme Court remained pending. He asserts that his reason for filing his habeas petition prematurely was due to his concern for filing the petition beyond the statute of limitations period. Accordingly, Petitioner requests that his petition be held in abeyance pending a ruling by the Michigan Supreme Court on this matter.

**III. Discussion**

    **A. Failure to Exhaust**

A federal court may not grant habeas corpus relief unless the petitioner has exhausted all available state remedies or demonstrated their inadequacies. *28 U.S.C. § 2254(b)*; *Martin v. Mitchell*, 280 F.3d 594, 603 (6th Cir.2002) ("Habeas corpus relief is available only if the applicant first exhausts remedies available in state court."); see also *Hannah v. Conley*, 49 F.3d 1193 (6th Cir.1995). Exhaustion requires that a petitioner provide the state courts with the opportunity to correct any constitutional violations by invoking "one full round" of the state's appellate review process. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) ("state prisoners must give the state courts one full fair opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process"). Federal habeas law provides that a habeas petitioner is only entitled to relief if he or she can show that the state court adjudication of the claims resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States. *See 28 U.S.C. § 2254(d)*. Otherwise, the Court cannot apply the standard found at 28 U.S.C. § 2254.

The exhaustion requirement is premised on the principle of comity. "[T]he state courts should have the first opportunity to review this claim and provide any necessary relief." *Id.* at 844. The Supreme Court further opined: "This rule of comity reduces friction between the state and federal court systems by avoiding the "unseem [liness]" of a federal district court's overturning a state court conviction without the state courts having had an opportunity to correct the constitutional violation." *Id.* "An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State

3

to raise, by any available procedure, the question presented." § *2254(c)*; *Keener v. Ridenour*, 594 F.2d 581, 584 (6th Cir.1979) (holding that the exhaustion requirement applies to remedies still open to the habeas applicant at the time of the filing of the petition). The burden is on the petitioner to demonstrate compliance with the exhaustion requirement or that the state procedure would be futile. *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir.1994) (citing *Darr v. Burford*, 339 U.S. 200, 218-19 (1950)).

However, a prisoner who has not yet exhausted his or her state court remedies may file a "'protective' petition in federal court and ask[] the federal court to stay and abey the federal habeas proceedings until state remedies are exhausted." *Pace v. DiGuglielmo*, 544 U.S. 408, 416 (2005), citing *Rhines v. Weber*, 544 U.S. 269 (2005). A federal court may stay a federal habeas petition and hold further proceedings in abeyance pending resolution of state court post-conviction proceedings, provided there is good cause for failure to exhaust claims and that the unexhausted claims are not "plainly meritless." *Rhines*, 544 U.S. at 278.

In the present case, Petitioner's case remains within the state appellate system, as the matter is still pending with the Michigan Supreme Court. Therefore, the Michigan Supreme Court has not had an opportunity to complete its review Petitioner's habeas claims. However, because of Petitioner's legitimate statute of limitations concern discussed below, the filing of a protective petition is appropriate in this case.

### B. Limitations Period

Because the habeas petition was filed after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), the provisions of the AEDPA apply. *Washington v. Hofbauer*, 228 F.3d 689, 698 (6th Cir.2000). The AEDPA sets forth a statute of limitations for state prisoners seeking release from custody. The statute provides as follows:

(d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

*28 U.S.C. § 2244(d)(1) and (2).*

In the present case, Petitioner believed that because practically one year expired between when the Michigan Supreme Court rendered its decision on April 30, 2004 and when Petitioner filed his motion for relief from judgment on April 29, 2005, that his opportunity in which to file a timely habeas corpus petition would be time barred if he waited for the Michigan Supreme Court to render a decision on his application for leave to appeal.  The Sixth Circuit Court of Appeals has held that the one-year limitations period does not begin to run until the time for filing a petition for a writ of certiorari to the United States Supreme Court has expired.  *Isham v. Randle*, 226 F.3d 69, 694-95 (6th Cir. 2000).  Therefore, Petitioner's limitations period began to run 90 days after April 30, 2004, which is July 30, 2004, with a one year expiration date of July 30, 2005. However, Petitioner filed a motion for relief from judgment on April 29, 2005, which tolled the running of the statute.

5

Therefore, Petitioner's statutory period ran from July 30, 2004 until April 29, 2005, a period of 9 months, which leaves 3 months left on Petitioner's limitations period in which to seek habeas relief. Although Petitioner's limitations period does not begin to run again until 90 days after The Michigan Supreme Court renders a decision on Petitioner's collateral motion, *Abela v. Martin*, 348 F.3d 164, 172 (6th Cir. 2003), which would give the Petitioner an additional 3 months in which to exhaust the state appellate process, the Court finds that a stay is an appropriate remedy in light of the challenges prisoners encounter in preparing, mailing and filing their legal documents.

Petitioner states that his motion for relief from judgment was not filed more expeditiously because of the dilatory conduct by his attorney who acted both as his trial and appellate counsel. One of the claims within the his collateral pleadings is ineffective assistance of appellate counsel. An appellate attorney cannot be expected to raise his own ineffective assistance on appeal. *Combs v. Coyle*, 205 F.3d 269, 276 (6th Cir. 2000). A review of Petitioner's procedural history also indicates his diligence throughout the litigation of this matter. Thus, the Court finds that Petitioner has asserted good cause for any delays during the litigation of this case. In addition, the Court finds that these claims are not "plainly meritless" and that Petitioner has not engaged in intentionally dilatory tactics. *See* Rhines, 544 U.S. at 277-78. Therefore, the Court permits Petitioner to file this protective petition and stays further proceedings in this matter pending Petitioner's exhaustion of his state appellate proceedings.

When a district court determines that a stay is appropriate pending exhaustion of state court remedies, the district court "should place reasonable time limits on a petitioner's trip to state court and back." Id. at 278. To ensure that Petitioner does not delay in exhausting his state court remedies, the Court imposes upon Petitioner time limits within which he must proceed. See *Palmer*

6

*v. Carlton,* 276 F.3d 777, 781 (6th Cir. 2002).  After Petitioner receives a ruling from the Michigan Supreme Court, he must either appeal to the United States Supreme Court within ninety days of the Michigan Supreme Court order or ask this Court to lift the stay.  See *Id.*; *Abela v. Martin,* 348 F.3d 164, 170  (6th Cir. 2003) (holding that "the limitations period is tolled from the filing of an application for state post-conviction or other collateral relief until the conclusion of the time for seeking Supreme Court review of the state's final judgment on that application").  In any event, Petitioner must ask this Court to lift the stay within sixty days of exhausting his state court remedies. *Id.*  "If the conditions of the stay are not met, the stay may later be vacated  *nunc pro tunc* as of the date the stay was entered, and the petition may be dismissed."  *Palmer*, 276 F.3d at 781 (internal quotation omitted).

### IV.  Conclusion

**IT IS ORDERED** that Petitioner's habeas petition be held in abeyance.  Petitioner shall file a motion to lift the stay and file an amended petition in this Court within **sixty days** after the conclusion of the state court proceedings.

**IT IS FURTHER ORDERED** that, to avoid administrative difficulties, the Clerk of Court close this case for statistical purposes only.  Nothing in this order or in the related docket entry shall be considered a dismissal of this matter.  Upon receipt of a motion to lift the stay following exhaustion of state remedies, the Court may order the Clerk to reopen this case for statistical purposes.

                                              S/Victoria A. Roberts
                                              Victoria A. Roberts
                                              United States District Judge

Dated:  November 7, 2006

| |
|---|
| The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on November 7, 2006.<br><br>S/Carol A. Pinegar<br>Deputy Clerk |